FILED
United States Court of Appeals
Tenth Circuit

June 23, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RODNEY ANTONIO ALEXANDER,

     Defendant - Appellant.

No. 08-6247
(W.D. Okla.)
(D.C. No. CR-08-109-M)

---

**ORDER & JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

Defendant-Appellant Rodney Antonio Alexander pleaded guilty to
possession with intent to distribute methamphetamine in violation of 21 U.S.C. §
841(a)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. §
922(g)(1). He was sentenced to 211 months' imprisonment. Mr. Alexander

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

challenges the district court's enhancement of his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C.§ 924(e), contending the enhancement violated his Sixth Amendment rights. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

Under 18 U.S.C. § 924(e)(1), a sentencing court is required to impose a sentence of not less than fifteen years upon a defendant who is convicted under 18 U.S.C. § 922(g)—the felon in possession of a firearm statute—and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The district court concluded that the ACCA applied to Mr. Alexander after finding that Mr. Alexander was previously convicted of three serious drug offenses committed on "occasions different from another." *Id.*

Mr. Alexander first contends that the district court erred under the Sixth Amendment by using uncharged prior convictions that he did not admit to the existence of in his plea agreement to enhance his sentence. However, as Mr. Alexander notes, the Supreme Court held in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that prior convictions are sentencing factors rather than elements of the offense and, therefore, need not be charged in the indictment. *Id.* at 226-27. And, as made clear by subsequent Supreme Court precedent addressing *Almendarez-Torres*, a further significant consequence is that such convictions can form the basis for an enhanced sentence, even without a jury

finding or defendant admission regarding them. *See Apprendi v. New Jersey*, 530 U.S. 466, 489-90 (2000). In the Sixth Amendment context, we have expressly recognized the "exception" for prior convictions carved out by the Supreme Court. *United States v. Moore*, 401 F.2d 1220, 1224 (10th Cir. 2005). As Mr. Alexander candidly acknowledges we are "bound to follow" this precedent here. Aplt. Br. at 8. Accordingly, we reject this challenge to the use of uncharged prior convictions to enhance his sentence.[1]

Mr. Alexander next claims that pursuant to *Apprendi* whether his prior convictions were committed "on occasions different from another," 18 U.S.C. § 924(e)(1), is a factual question that should have been determined by the jury, not by the sentencing court. However, Mr. Alexander concedes that binding precedent of this Court forecloses relief on this claim. He only raises this claim to preserve his ability to pursue it in the Supreme Court. Indeed, as we have previously held in *United States v. Michel*, 446 F.3d 1122 (10th Cir. 2006), "whether prior convictions happened on different occasions from one another is not a fact required to be determined by a jury but is instead a matter for the sentencing court." *Id.* at 1133. We are bound by our clear precedent.

---

[1] Mr. Alexander frankly acknowledges that his trial counsel "equivocated in his request for a ruling" on this Sixth Amendment issue, which questions the continuing viability of the *Almendarez-Torres* exception; consequently, he suggests that counsel "arguably waiv[ed] the issue." Aplt. Br. at 6 n.4. We need not opine on the possible waiver implications of trial counsel's conduct. Mr. Alexander's challenge fails on the merits.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge