**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODNEY ANTONIO ALEXANDER,

Defendant - Appellant.

No. 11-6047

(W.D. Oklahoma)

(D.C. Nos. 5:10-CV-00085-M and 5:08-CR-00109-M-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Rodney Antonio Alexander, appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal dismissal of § 2255 motion). We deny his request for a COA and dismiss this appeal.

**I.      BACKGROUND**

On June 19, 2008, Defendant executed a plea agreement and pleaded guilty in the United States District Court for the Western District of Oklahoma to possession with intent to distribute methamphetamine, *see* 21 U.S.C. § 841(a)(1), and to being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). Under the plea agreement he waived his right to challenge, by appeal or by collateral

attack, his plea or a sentence not exceeding the guideline range, except that he could challenge the sufficiency of his prior convictions for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  After being sentenced to 211 months' imprisonment, Defendant appealed the district court's enhancement of his sentence under the ACCA, and we affirmed.  *See United States v. Alexander*, 333 F.App'x. 388, *1 (10th Cir. 2009).

On January 27, 2010, Defendant filed his § 2255 motion, contending that he had received ineffective assistance of counsel because his attorney (1) failed to explain adequately the mechanics of the plea agreement; (2) failed to challenge the false statements of the witness/informant regarding drug quantities; (3) did not obtain his input before making decisions; and (4) failed to challenge the district court's understanding of the standard operating procedure for prosecutors regarding cooperation agreements under USSG § 5K1.1.  In a later pleading Defendant appears to expand his first claim by asserting that his counsel used undue influence to get him to execute the plea agreement.  The district court held that the motion was barred by Defendant's waiver of his right to collateral relief.

In this court Defendant seeks to appeal the district court's denial of his § 2255 motion.  He does not pursue all the issues raised in district court but argues that his plea was not knowing or voluntary because his attorney was ineffective in three respects:  (1) the attorney filled out the petition-to-enter-plea-of-guilty form without adequately informing him of alternatives, (2) the attorney

exerted undue influence, and (3) the attorney did not investigate untrue witness statements.

## II.   DISCUSSION

"A certificate of appealability may issue . . . only if the [movant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits," the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If the § 2255 motion was denied on procedural grounds, the movant faces a double hurdle.  Not only must the movant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling."  *Id.*

The most obvious hurdle for Defendant to overcome in pursuing relief under § 2255 is the waiver in his plea agreement of his right to pursue a collateral attack on his conviction or sentence.  But even if the waiver is otherwise enforceable, it "may not be used to . . . deny review of a claim that the agreement was entered into with ineffective assistance of counsel."  *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (internal quotation marks omitted).  Thus, some ineffectiveness claims can survive a waiver such as Defendant's.

Turning to Defendant's first claim—that his counsel did not adequately inform him of alternatives—we need not resolve whether it comes within the *Cockerham* exception to his waiver of collateral-attack rights because it fails on the merits. To establish a successful claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The prejudice prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Defendant has failed to show prejudice arising from his counsel's alleged failure to advise him of alternatives. He does not identify any alternatives of which he was not advised. And his plea colloquy shows that he made an informed decision to plead guilty. After the government explained the maximum punishment permitted by law, the district court asked Defendant: "[D]o you now fully understand both the charges against you and the maximum punishment for those charges?" R., Vol. 3 at 4. Defendant responded "Yes." Similarly, the court determined that Defendant knew that he could receive "the same punishment as if [he] had pleaded not guilty, stood trial and been convicted," *id*. at 6, and it confirmed that no government agent had "promised or suggested or predicted . . . that [he] would receive a lighter sentence . . . or . . . any other form of leniency in exchange for a plea of guilty," *id*. at 7–8. Also, the court advised him of his right

to plead not guilty, to have a speedy and public trial by jury, to be represented by counsel, to confront witnesses, to call witnesses on his own behalf, to compel the production of evidence, and to refuse to testify. The government summarized the relevant terms of the plea agreement and Defendant acknowledged that the summary accurately represented the agreement. Of particular importance, the court specifically asked Defendant about the waiver of his right to appeal, stating: "Tell me in your own words what that means to you. I want to make sure that you understand what you are giving up in that regard." *Id.* at 10. Defendant responded, "If I'm considered guilty, or whatever my punishment is, I can't come back and reinstate another hearing, or something like that." *Id.* The court then asked Defendant to explain in his own words what his waiver of collateral-attack rights meant. Defendant responded: "That I can't go through and pick out stuff and say that y'all didn't do this, kind of motion-it, to get a lower sentence, or something like that." *Id.*

In short, the plea colloquy was the typical thorough exercise that ordinarily rebuts postconviction claims of involuntariness. Whatever shortcomings there may have been in defense counsel's explanations to Defendant, the colloquy unequivocally established that he was fully informed of the essentials of his plea agreement.

As for Defendant's second-claim—his attorney's alleged undue influence—his assertion is conclusory and lacks supporting factual averments.

-5-

Thus, we must assume that he is merely alleging that he was coerced by being provided inadequate information, a claim that fails because he was fully informed during the plea colloquy, before his plea was accepted.

Defendant's third claim—that his plea was unknowing and involuntary because his attorney did not conduct an adequate investigation of a witness who provided allegedly false information regarding the amount of drugs that could be attributed to him for sentencing purposes—also fails because he has not alleged, much less shown, prejudice. Defendant has not identified any information favorable to him that he did not know before he pleaded guilty but that his attorney would have discovered through a proper investigation. It appears that Defendant's real complaint is that his attorney did not use the information he provided to challenge the witness's veracity and accuracy. But any such failing occurred post-plea and could not have affected Defendant's decision to plead guilty. Therefore, an ineffectiveness claim based on this alleged inadequacy would not come within *Cockerham's* exception to the binding force of Defendant's waiver of his right to attack his conviction or sentence in a § 2255 proceeding. *See Cockerham,* 237 F.3d at 1187 (court can enforce "a waiver of § 2255 rights expressly contained in a plea agreement when the collateral attack does not challenge counsel's representation in negotiating or entering the plea or the waiver").

No reasonable jurist could debate that Defendant's § 2255 motion should have been denied.

## III.   CONCLUSION

We DENY Defendant's application for a COA and DISMISS the appeal. We GRANT Defendant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge